**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KNOLL, INC., | |
|     Plaintiff, | Case No. 1:20-cv-02458 |
| v. | Judge Charles R. Norgle, Sr. |
| SENATOR INTERNATIONAL LIMITED and SENATOR INTERNATIONAL, INC. D/B/A THE SENATOR GROUP, | **JURY TRIAL DEMANDED** |
|     Defendants. | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant Senator International Limited and Senator International, Inc. d/b/a The Senator Group ("Defendants" or "Senator"), for its response to Plaintiff Knoll, Inc.'s ("Plaintiff" or "Knoll") Second Amended Complaint [Dkt. No. 45], responds as follows, paragraph by paragraph:

## NATURE OF THE ACTION

2.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

**ANSWER:**    **Defendants admit that Plaintiff frames its Second Amended Complaint as a patent infringement action.  Defendants deny all liability for said alleged patent infringement.**

## THE PARTIES

3.      Knoll is a corporation organized under the laws of the State of Delaware with a place of business at 1235 Water St., East Greenville, Pennsylvania 18041.

**ANSWER:** **Defendants neither admit nor deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

4. Knoll has a team of engineers that work on product development in this judicial district. This team of engineers has helped develop Knoll's PIXEL line of tables.

**ANSWER:** **Defendants neither admit nor deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

5. Knoll does business in Pennsylvania and the Eastern District of Pennsylvania.

**ANSWER:** **Defendants neither admit nor deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

6. Knoll is the owner of U.S. Patent No. D839,638, a true and correct copy of which is attached hereto as Exhibit A.

**ANSWER:** **Defendants admit that Exhibit A of the Second Amended Complaint appears to be a true and correct copy of U.S. Patent No. D839,638, which on its face lists Plaintiff as the Applicant and Assignee. Defendants neither admit nor deny all other allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

7. Defendant Senator International Limited is a foreign company incorporated in the United Kingdom.

**ANSWER:** **Defendants admit that Defendant Senator International Limited is a foreign company organized in the United Kingdom. Defendants deny that Defendant Senator International Limited is "incorporated" in the United Kingdom.**

8.     Senator International Limited's principal place of business is in the United Kingdom. Defendant has its global headquarters located at Altham Business Park, Sykeside Drive Altham, Accrington BB5 5YE United Kingdom. Defendant is a United Kingdom private limited company.

**ANSWER:     Admitted.**

9.     Senator International Limited does business under the name "The Senator Group." Senator International Limited sells products under the "Senator." "Senator Group," and "Allermuir" brand names. Senator International Limited owns U.S. Trademark Registration No. 4,468,431 for the mark, "Allermuir" for use of the Allermuir brand in connection with furniture, furniture parts and non-metal furniture fittings.

**ANSWER:     Admitted.**

10.     Senator International Limited offers for sale, sells, distributes, makes, and/or imports office furniture into the United States, in Illinois, in Pennsylvania, and this judicial district.

**ANSWER:     Denied.**

11.     Senator International Limited and/or Senator International Limited's affiliates make, use, offer to sell, sell, and import office furniture products into the United States.

**ANSWER:     Denied.**

12.     Defendant Senator International, Inc. is a wholly owned U.S. subsidiary of Senator International Limited.

**ANSWER:     Admitted.**

13.     Defendant Senator International, Inc. maintains a showroom in Chicago at the Merchandise Mart, which is located at 222 Merchandise Mart Plaza, Allermuir Showroom, Suite 112, Chicago, IL 60654.

**ANSWER:** **Admitted.**

14.     Defendant Senator International, Inc. also maintains showrooms in New York, New York, and San Francisco, California.

**ANSWER:** **Admitted.**

15.     Defendant Senator International, Inc. offers for sale, sells, distributes, makes, and/or imports office furniture into the United States, in Illinois, in New York, in California, and in this judicial district.

**ANSWER:** **Defendants admit that Senator International, Inc. offers for sale, sells, and distributes office furniture into the United States, in Illinois, in New York, in California, and in this judicial district. Defendants deny that Senator International, Inc. makes and/or imports office furniture in Illinois, in New York, in California, and in this judicial district**.

16.     Defendant Senator International, Inc. does business under the name "The Senator Group." Senator International Inc. sells products under the "Senator," "Senator Group," and "Allermuir" brand names.

**ANSWER:** **Admitted.**

17.     Defendants' personnel engage in regular and continuous business operations in the United States and in this judicial district that includes facilitating corporate relationships Defendant has with its customers in this judicial district, and assisting customers in identifying ways Defendant's products and services meet their customers' office furniture needs consistent with Defendant's corporate objectives. Defendant personnel conduct these operations on behalf of Defendant as a representative, employee, and agent of Defendant.

**ANSWER:** **Defendants admit that personnel of Senator International, Inc. engage in regular and continuous business operations in the United States and in this judicial**

district. The other allegations in this paragraph lack specificity and clarity. **Defendants therefore deny all other allegations set forth in this paragraph.**

18. Defendants offer for sale, sell, distribute, make, and/or import office furniture into the United States and this judicial district. This includes importation, sale, and/or offer of sale of "Array" table products that infringe U.S. Patent No. D839,638 as alleged herein..

**ANSWER:** **Defendants admit that Senator International, Inc. offers for sale, sells, distributes, makes, and imports office furniture into the United States and that Senator International, Inc. offers for sale, sells, and distributes office furniture in this judicial district. Defendants deny all other allegations set forth in this paragraph.**

19. For example, Senator International Limited knowingly sell their infringing Array table products to Senator International, Inc., for importation and sale throughout the United States. (*See* D.E. 16-2, 16-3, 24-2, 24-3).

**ANSWER:** **Denied**.

20. As another example, Senator International, Inc. offers to sell, sells Array table products in the United States, and imports Array table products into the United States. Senator International, Inc. also ships the Array table products to its customers as components in one or more containers that are to be installed at a customer site. Defendants facilitate installation of the Array table from those components at their customers' sites and also facilitate the arrangement and use of the Array table in the U.S. by their customers by providing assembly instructions, installation and use instructions, offering to provide and providing technical assistance for assembly and installation, and helping ensure trained personnel can perform the assembly and/or installation.

11973790.1

**ANSWER:** **Defendants admit that Senator International, Inc. offers to sell, sells Array table products in the United States, and imports Array table products into the United States. The other allegations in this paragraph lack specificity and clarity. Defendants therefore deny all other allegations set forth in this paragraph.**

21. Defendant Senator International Limited and its U.S. affiliate, Senator International, Inc. collectively refer to themselves as "The Senator Group." Each Defendant also uses the term "The Senator Group" to refer to themselves individually.

**ANSWER:** **Defendants admit they collectively refer to themselves as "The Senator Group." Defendants deny all other allegations set forth in this paragraph.**

22. Defendant Senator International Limited knows that when it sells its Array table products to its U.S. affiliate, the Array table products it sells will be imported into the U.S. and sold in the U.S. because its Array table "is exclusively marketed, imported, and sold in the United States by Senator International, Inc." (D.E. 24-3, at ¶9).

**ANSWER:** **Defendants admit that the Array table is exclusively marketed, imported, and sold in the United States by Senator International, Inc. Defendants deny all other allegations set forth in this paragraph.**

23. Defendant Senator International Limited provides instructions for use and maintenance when it sells the Array table so that its customers can assemble, use and maintain the table. These customers include Senator International, Inc. and its other customers and distributors. By using the instructions and technical assistance provided by Senator International Limited, customers in the U.S. assemble the Array table to have an appearance that mimics the ornamental appearance of the design claimed in U.S. Patent No. D839,638.

**ANSWER:  Defendants deny that the Array table mimics the ornamental appearance of the design claimed in U.S. Patent No. D839,638.  The other allegations in this paragraph lack specificity and clarity.  Defendants therefore deny all other allegations set forth in this paragraph.**

24.    Defendant Senator International, Inc. uses the instructions and other materials furnished by Senator International Limited to offer to sell, sell, and facilitate shipment, assembly and/or installation of the Array table for its U.S. customers.

**ANSWER:  This paragraph lacks specificity and clarity, and, consequently, Defendants deny the allegations set forth in this paragraph.**

25.    The instructions Defendants provide includes instructing customers, including its U.S. customers, on how to assemble and arrange the Array table from components of the table that are shipped to the customer. When assembled, the Array table has an appearance that mimics the ornamental appearance of the design claimed in U.S. Patent No. D839,638 and infringes this patent.

**ANSWER:  Defendants deny that the Array table mimics the ornamental appearance of the design claimed in U.S. Patent No. D839,638.  The other allegations in this paragraph lack specificity and clarity.  Defendants therefore deny all other allegations set forth in this paragraph.**

26.    Defendants also provide instructions for cable management for the table, instruct customers how to flip the table between storage and use positions, how to nest Array tables next to each other, how to connect Array tables together, how to install and run electric cables in the Array table, and how to position Array tables into different arrangements. These arrangements include the below (Ex. B):

11973790.1



**ANSWER:    Admitted.**

27.    Defendants also make available their "Array Price List 2019" document at the URL - https://www.thesenatorgroup.com/media/19756/array-price-list-2019.pdf. This document is attached hereto as Exhibit B. This document is publicly available via Defendants' shared website that is operated by Senator International Limited.

**ANSWER:    Defendants admit that they have a shared website that is operated by Senator International Limited and that the "Array Price List 2019" can be retrieved using the URL listed in this paragraph.  Defendants deny that the "Array Price List 2019" is publically available through their website because users cannot navigate to this document using the website.**

28.    Defendant Senator International Limited knows that its U.S. subsidiary, Senator International, Inc., "maintains showrooms in Chicago, Illinois, San Francisco, California, and New York, New York." (D.E. 24-3, ¶5). Defendant Senator International Limited knows that its Array table has been shown in these showrooms to advertise the table and promote the table in the U.S.

8

**ANSWER:   Defendants admit that Senator International Limited knows that its U.S. subsidiary, Senator International, Inc., maintains showrooms in Chicago, Illinois; San Francisco, California; and New York, New York.  Defendants deny all other allegations set forth in this paragraph.**

29.     Defendant Senator International Limited advertises these showrooms as being its U.S. locations. Defendants' website explains that "The Senator Group" has U.S. locations on its website, https://www.thesenatorgroup.com/us/locations/ as shown below:



**ANSWER:   Admitted.**

30.     Defendants' products are offered for sale and sold in California, Illinois, New York, Pennsylvania, and other parts of the U.S. including in this judicial district.

**ANSWER:   Admitted.**

31.     Defendants have a large number of distributors and customers. One such affiliate is "Ethosource," which sells The Senator Group brand products in Pennsylvania. For instance, Ethosource has showrooms in King of Prussia, PA and Reading, PA at which Allermuir brand and the Senator Group brand products are available for purchase.

ANSWER:     **Defendants admit that Senator International, Inc. has a distributor called Ethosource at which Allermuir brand and the Senator Group brand products are available for purchase.  The other allegations in this paragraph either lack specificity and clarity or allege facts about a third party.  Defendants therefore deny all other allegations set forth in this paragraph.**

32.     Defendants also have a large number of other distributors, retailers, or other affiliates in the U.S. who offer to sell and sell Defendants' products. These affiliates are responsible for different regions of the U.S. for sale of Defendants' products.

**ANSWER:     Defendants admit that Senator International, Inc. has other distributors and retailers in the U.S. who offer to sell and sell Defendants' products.  The other allegations in this paragraph lack specificity and clarity.  Defendants therefore deny all other allegations set forth in this paragraph.**

33.     Defendants work with their dealers and other distribution agents to provide an integrated network of teams with in-depth knowledge of Senator International Limited's ranges and space planning capabilities for promotion and sale of Defendants' products – including Defendants' Array table.

**ANSWER:     This paragraph lacks specificity and clarity, and, consequently, Defendants deny the allegations set forth in this paragraph.**

11973790.1

34.     Defendants work with their distribution network to ensure that Senator International Limited provide supportive sale and service functions while also receiving crucial feedback that informs Senator International Limited's product development strategy so that Defendants' products are aligned with customer needs. This work includes work that Senator International Limited engages in with U.S. affiliated entities including its subsidiary Senator International, Inc., other distributors, and other types of sales agents.

**ANSWER: This paragraph lacks specificity and clarity, and, consequently, Defendants deny the allegations set forth in this paragraph.**

35.     Defendants have a website that solicits subscriptions to "Senator Group Marketing" at  https://www.thesenatorgroup.com/us/product-search/. These subscriptions are utilized to facilitate U.S. sales efforts. Below is a screen shot of this webpage of the Defendants' website:



**ANSWER: Defendants admit that this paragraph includes a screen shot of their website, which speaks for itself. Defendants deny all other allegations set forth in this paragraph.**

36.     Defendant Senator International Limited solicits direct and customized marketing to U.S. customers as well as other worldwide customers via its website.

**ANSWER:    Denied.**

37.     Defendant Senator International Limited sends direct mail and email advertisements via the subscriptions obtained via its website.

**ANSWER:    Admitted.**

38.     Defendants solicits business from subscribers who have used Senator International Limited's website and subscribed to Senator Group Marketing via this website.

**ANSWER:    Admitted.**

39.     Defendant Senator International Limited provides the information it obtains from its website to Mailchimp for processing and subsequent use consistent with Defendant's marketing objectives. Mailchimp is an American company having offices in different states of the U.S. that provides an automation platform and email marketing service to Defendant consistent with Defendant's marketing directives and guidelines. These marketing efforts include marketing and promotion activities associated with Defendant's Array table products.

**ANSWER:    Defendants admit to having used Mailchimp for marketing and/or promotional activities.  The other allegations in this paragraph either lack specificity and clarity or allege facts about a third party.  Defendants therefore deny all other allegations set forth in this paragraph.**

40.     Senator International Inc. is involved in these marketing efforts. For example, Senator International, Inc. promotes and markets the Array table products in the U.S. and in this judicial district to its customers and potential customers.

**ANSWER: Defendants admit that Senator International, Inc. promotes and markets the Array table products in the U.S. and in this judicial district to its customers and potential customers. Defendants deny all other allegations set forth in this paragraph.**

41. Senator International Limited has personnel who have come to Chicago, Illinois to help with promotion, advertisement and offering of sales of the Array table. Senator International Limited personnel have also provided assistance to facilitate offers of sale, promotion, sales, assembly and/or installation of Array tables in the U.S. (including this judicial district) via telecommunications technology as well.

**ANSWER: Defendants admit that Senator International Limited has personnel who have come to Chicago, Illinois to help with the promotion and advertisement of the Array table. Defendants deny all other allegations set forth in this paragraph.**

## JURISDICTION AND VENUE

42. This is an action for patent infringement arising under the Patent laws of the United States, Title 35 of the United States Code.

**ANSWER: Defendants admit that Plaintiff frames its Second Amended Complaint as a patent infringement action. Defendants deny all liability for said alleged patent infringement.**

43. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

**ANSWER: Admitted.**

44. Defendants have been and is engaged in business in Chicago, Illinois, in this judicial district, in Pennsylvania and the Eastern District of Pennsylvania, including advertising and offering to sell its infringing Array tables in this judicial district, shipping said products

13

directly or indirectly into or through Illinois and Pennsylvania, including through this judicial district, and having sold and/or participated in the offer of sale of the Array tables in this judicial district.

**ANSWER:** **Defendants admit to having engaged in business in Chicago, Illinois and in this judicial district, including advertising and offering its Array tables for sale in this judicial district, and to shipping the Array tables directly or indirectly into or through Illinois, including through this judicial district, and to having sold and/or participated in the offer of sale of the Array tables in this judicial district. Defendants deny all other allegations set forth in this paragraph.**

45.     Defendants have directly and/or through a coordinated distribution network regularly place the Array tables in the stream of commerce with the knowledge and/or understanding that such products will be sold and used in this judicial district. Defendants are subject to the general jurisdiction of this Court because it has regular and systemic contacts with this forum such that the exercise of jurisdiction over it will not offend the traditional notions of fair play and substantial justice.

**ANSWER:** **Admitted for the purposes of this lawsuit and only this lawsuit.**

46.     Further, this Court has personal jurisdiction over Defendants because Defendants have established minimum contacts with the forum such that the exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

**ANSWER:** **Admitted for the purposes of this lawsuit and only this lawsuit.**

47.     For example, Defendant Senator International Limited has admitted that this Court has personal jurisdiction over it in connection with its promotion, offer of sale, and sale of the Array table in Defendants' Chicago, Illinois showroom. (D.E. 27, at 4, stating "the United States

11973790.1

District Court for the Northern District of Illinois could exercise personal jurisdiction over the Defendant for this dispute.").

     **ANSWER:**   **Admitted.**

48.    In addition, this Court has personal jurisdiction over Defendants because Defendants have knowingly and actively engaged in acts that have infringed and will infringe and/or contribute, induce, aid, and/or abet the direct infringement of claims of the U.S. Patent No. D839,638 in this judicial district. It is reasonable and fair to exercise personal jurisdiction over Defendant in this case.

     **ANSWER:**   **Defendants admit that this Court has personal jurisdiction. Defendants deny all other allegations set forth in this paragraph.**

49.    Venue is proper pursuant to 28 U.S.C. §§ 1391(c) and 1400 because Defendants have committed acts of infringement in this judicial district and do business in this judicial District.

     **ANSWER:**   **Defendants admit that venue is proper. Defendants deny all other allegations set forth in this paragraph.**

50.    For instance, venue is proper because of the "long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special." *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018). The "venue laws (as opposed to requirements of personal jurisdiction) do not restrict the location of suits against alien Defendants." *Id.* at 1357.

     **ANSWER:**   **Defendants admit that venue is proper. Defendants deny all other allegations set forth in this paragraph.**

51.     Further, venue is proper for Defendant Senator International, Inc. as this Defendant maintains a showroom that offers to sell and sells the infringing Array table in this judicial district. (D.E. 24-3, ¶¶5 and 9).

**ANSWER:    Defendants admit that venue is proper for Defendant Senator International, Inc. since it maintains a showroom in this judicial district. Defendants deny all other allegations set forth in this paragraph.**

52.     The Defendants' showroom in this judicial district is promoted and advertised by Defendants as being their showroom.

**ANSWER:    Admitted.**

## FACTUAL BACKGROUND

53.     Knoll develops, sells, markets, and supports furniture, including office furniture. Knoll is famous throughout the world for its design and development of furniture, which includes iconic chairs such as Knoll's Barcelona chair, the Womb chair, and many other iconic, well known articles of furniture.

**ANSWER:    Defendants neither admit nor deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

54.     Knoll owns U.S. Design Patent No. D839,638 ("the '638 Patent"), which lawfully issued on February 5, 2019.

**ANSWER:    Defendants admit that, on its face, U.S. Patent No. D839,638 lists Plaintiff as the Applicant and Assignee and lists February 5, 2019 as the issue date. Defendants neither admit nor deny all other allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

11973790.1

55.     Knoll makes and sells a well-known line of tables known as the PIXEL tables. The C-Leg version of the PIXEL table is covered by the '638 Patent. An illustrative picture of this PIXEL table is shown below:



**ANSWER:     Defendants neither admit nor deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

56.     Defendant Senator International Limited is a developer, manufacturer, distributor, and importer of furniture products, including tables and chairs.

**ANSWER:     Admitted.**

57.     Defendant Senator International Limited makes, offers to sell, and sells a newly introduced line of Array tables.

**ANSWER:     Admitted.**

58.     Senator International, Inc. imports the Array table into the U.S. as components and assembles the Array table in the U.S. for installation in its showrooms to use the Array table,

11973790.1

publicly display the Array table, promote the Array table and offer the Array table for sale. Defendant Senator International Limited provides technical assistance to Senator International, Inc. to facilities the use of the fabrication and use of the Array table.

**ANSWER:    Admitted.**

59.    Defendants' Array tables were included in an exhibit in Defendants' showroom at the trade show referred to as NeoCon that took place in the Chicago Merchandise Mart located in Chicago, Illinois in June of 2019.

**ANSWER:    Admitted.**

60.    NeoCon is one of the largest furniture tradeshow in the world. At the NeoCon tradeshow, products are displayed in showrooms, publicized, offered for sale, and sold in the showrooms. There are typically 30,000 or more attendees each day at NeoCon. People from throughout the U.S., including this judicial district, attend the NeoCon event each year.

**ANSWER:    Defendants admit that NeoCon is a large and well attended tradeshow and that products are publicized and displayed in showrooms there.  Defendants neither admit nor deny the other allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

61.    At NeoCon in 2019, the Array table was publicized and offered for sale to potential customers in this judicial district.

**ANSWER:    Defendants admit that the Array table was publicized at NeoCon in 2019.  Defendants deny all other allegations set forth in this paragraph.**

62.    David Crimmins, who was a VP of Sales and Marketing for The Senator Group in 2019, was quoted in a discussion of The Senator Group's experience at Neocon in a NeoCon2019 Wrap Up public relations release as follows: "We had a terrific Neocon 2019! We felt a strong

increase in traffic compared to prior years, driven primarily by award winning product introductions like Kin, our new showroom in The Mart, and overall strong macroeconomic conditions. We found customers engaged, inspired, and actively seeking products with inspired design and immediate availability."

**ANSWER:** **Admitted.**

63. Defendant Senator International Limited provided the Array table knowing it would be used in the U.S. and showcased at the NeoCon event in Chicago. Defendant Senator International Limited knew that the Array Table would also be submitted for consideration in the Best of NeoCon award category for publicizing the table to U.S. customers of furniture products.

**ANSWER:** **Admitted.**

64. Defendant Senator International Limited issued a press release (Exhibit E) that promoted its Array table and told consumers the table would be shown at Defendants' Chicago showroom at NeoCon in 2019. In this press release, Defendant Senator International Limited told its customers and potential customers to contact its UK based personnel about the Array table including "Gemma Vaughan" at her phone number "(+44) 1282 725455." (Exhibit E). Gemma Vaughan is Senator International Limited's head of marketing and works in the UK.

**ANSWER:** **Admitted.**

65. Defendants' personnel attended the NeoCon event. Defendants' personnel also provided assistance for the use of the Array Table at the NeoCon event. Defendants also provided instructions that explained how the Array table could be configured for use in the NeoCon showroom and how the table could be used and promoted in the showroom.

**ANSWER:** **Defendants admit that their personnel attended the NeoCon event. The other allegations in this paragraph lack specificity and clarity. Defendants therefore deny all other allegations set forth in this paragraph.**

66.     At the NeoCon showroom in Chicago, customers and potential customers who entered Defendants' showroom had their badges scanned. Information about these customers associated with their scanned badges was then provided to Defendants and Defendants' affiliates for use in follow-up marketing, promotion, and sales efforts.

**ANSWER:** **This paragraph lacks specificity and clarity, and, consequently, Defendants deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

67.     Defendants also publicized the Array table winning Best of NeoCon Silver award via their website as well as via their email marketing efforts that included use of Mailchimp platform as well as the information obtained from the badges scanned during NeoCon. (*See e.g.*D.E. 19, "Array wins silver at Best of NeoCon" press release included at Defendants' website).

**ANSWER:** **Defendants admit that they publicized the Array table winning Best of NeoCon Silver award via their website. The other allegations in this paragraph lack specificity and clarity, and, consequently, Defendants deny all of the other allegations set forth in this paragraph.**

68.     Defendants' personnel and/or affiliates worked to promote and offer the Array table for sale to customers located throughout the U.S. at NeoCon. Personnel who work in this judicial district, Illinois, Pennsylvania, and other states, entered Defendants' NeoCon showroom during NeoCon, saw the Array table, and understood that the Senator Group was offering to sell

and selling the Array table during the NeoCon tradeshow to potential customers located throughout the United States and the world.

**ANSWER:** **Defendants admit that their personnel worked to promote the Array table at NeoCon in 2019. Defendants deny all other allegations set forth in this paragraph.**

69. Below is an image of an Array table shown, offered for sale, and promoted at this NeoCon tradeshow:



**ANSWER:** **Defendants admit that this paragraph includes an image of an Array table that was shown and promoted at NeoCon in 2019. Defendants deny all other allegations set forth in this paragraph.**

70. The Array table looks almost identical to Knoll's PIXEL table, as can be appreciated from the below comparisons:



**ANSWER:    Denied.**

71.    The below table provides a non-limiting exemplary comparison of the Array table and the ornamental appearance of the Knoll design protected by the '638 Patent:





**ANSWER:    Denied.**

72.    Defendants' Array table has an ornamental appearance that is almost identical to the ornamental appearance of the design shown, described and claimed in the '638 Patent.

**ANSWER:    Denied.**

73.    Consumers of tables are likely to be confused into thinking that the Array table is the table shown, described, and claimed in the '638 Patent.

**ANSWER:    Denied**.

74.    An ordinary observer, familiar with prior art to the '638 Patent, would be deceived into thinking that the Array table was the same as the patented design claimed in the '638 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

**ANSWER:    Denied.**

75.    The Array table is advertised, marketed, and offered for sale by Defendants in Illinois, this judicial district and throughout the United States. (*See e.g.* http://www.thesenatorgroup.com/americas/, http://www.thesenatorgroup.com/uk/news/array-by-senator/). (*See also* Notice providing screenshots of these web pages at D.E. 19).

**ANSWER:    Admitted.**

76.    In connection with its promotion and sale of the Array table in the U.S., Defendants work to guarantee the best performance of their product by executing the installation of the product as an extension of its manufacturing process to ensure that its products are installed with care and attention to detail by skilled personnel. Defendants also work to make sure that its aftersales service is provided to customers of its products in accordance with Defendant Senator International Limited's service standards.

**ANSWER:    Defendants admit that they work to guarantee the best performance of their products and make sure that aftersales service is provided to customers when requested.  The other allegations in this paragraph either lack specificity and clarity or allege facts about a third party.  Defendants therefore deny all other allegations set forth in this paragraph.**

77.    This support provided by Senator International Limited and Senator International, Inc. includes providing dedicated support by telephone as well as other support in accordance with a 4-step aftersales program.

**ANSWER:    Admitted.**

**THE '638 PATENT AND DEFENDANT'S KNOWLEDGE OF THIS PATENT**

78.    On February 5, 2019, the '638 Patent entitled "TABLE" was duly and legally issued by the United States Patent and Trademark Office.

**ANSWER:    Defendants admit that U.S. Patent No. D839,638 is entitled "TABLE" and that February 5, 2019 is listed as the issue date.  Defendants neither admit nor deny all other allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

79.    A true and correct copy of the '638 Patent is attached as Exhibit A to this Complaint.

**ANSWER:    Defendants admit that Exhibit A of the Second Amended Complaint appears to be a true and correct copy of U.S. Patent No. D839,638.**

80.    Knoll is the assignee and owner of the right, title, and interest in and to the '638 Patent.

**ANSWER:    Defendants admit that Knoll is listed as the Applicant and Assignee on the face of U.S. Patent No. D839,638.  Defendants neither admit nor deny all other**

allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.

81.     The '638 Patent has a single claim that says "The ornamental design for a table, as shown and described" and includes a description that states "The broken lines shown in the drawing Figures form no part of the claimed design."

**ANSWER:    Admitted.**

82.     Knoll practices the claimed invention of the '638 Patent by making and selling its C-Leg version of its PIXEL tables.

**ANSWER:    Defendants neither admit nor deny the allegations set forth in this paragraph for lack of knowledge or information sufficient to form a belief thereto.**

83.     Defendants were provided with actual notice of the '638 Patent on July 8, 2019. (Exhibit C).

**ANSWER:    Defendants admit that the letter attached as Exhibit C to the Second Amended Complaint references U.S. Patent No. D839,638 and is dated July 8, 2019. Defendants deny all other allegations set forth in this paragraph.**

84.     Defendants have had actual knowledge of the '638 Patent since at least as early as July 17, 2019 (Exhibit D).

**ANSWER:    Admitted.**

85.     Defendants' Array table mimics the ornamental appearance of Knoll's C-Leg version of Knoll's PIXEL table.

**ANSWER:    Denied.**

86. On information and belief, Defendants knew the '638 Patent protected Knoll's PIXEL table before the Array table was included in an exhibit at the NeoCon tradeshow in June of 2019.

**ANSWER: Denied.**

87. On information and belief, Defendants also had actual knowledge of the '638 Patent during development of the Array table.

**ANSWER: Denied.**

88. Defendants have had actual knowledge of the '638 Patent during its ongoing sales of the Array table, promotion of this table, and the importation and sale of the Array table in the U.S. Defendants know that their continued sale of its Array table, which mimics the ornamental appearance of Knoll's C-Leg version of the PIXEL table, infringes the '638 patent and has continued to offer to sell, sell, and promote this table in disregard of this knowledge. Defendants have also taken steps to facilitate importation of the Array table into the U.S. after having actual knowledge of the '638 patent and Defendants' infringement of this patent in willful disregard of Knoll's patent rights.

**ANSWER: Denied.**

89. On information and belief, Defendant Senator International Limited designed its Array table to mimic the design of Knoll's PIXEL table, with a goal to develop, make, and sell a table that would compete with the PIXEL table so that Defendant's Array table would have the same look as Knoll's PIXEL table but would have a lower price point for competition with the Knoll's PIXEL table. On information and belief, these actions were done to try to take market share away from Knoll's PIXEL table with a table that had substantially the same ornamental appearance as Knoll's PIXEL table.

**ANSWER:    Denied.**

90.    Defendants have continued to offer to sell, make and sell its Array table knowing that this table infringes the '638 Patent. Defendants sell its infringing Array table to its customers knowing the product will be imported into the U.S. in infringement of the '638 patent and used, offered for sale, and sold in the U.S. in infringement of the '638 Patent.

**ANSWER:    Denied.**

91.    For example, Defendant Senator International Limited knowingly sells and offers to sell the Array table to Senator International, Inc. for import, use, promotion, and sale in the U.S. Defendant Senator International Limited knows that its Array table products will enter the U.S. and be sold in the U.S. in infringement of the '638 Patent when it sells its Array table to its U.S. customers. This sales activity is done with the specific intent to induce Defendant's U.S. based customers to infringe the '638 Patent by importing the Array table into the U.S. and offering to sell, selling, and otherwise using the Array table in the U.S.

**ANSWER:    Denied.**

92.    Defendant Senator International Limited ships the Array table to its customers as components for assembly on-site at a delivery location. Defendant Senator International Limited also provides assistance for assembly and installation of the Array tables. This assistance includes instructions to facilitate the assembly, installation, use, and maintenance of the Array table in the U.S. This activity is done with the specific intent to induce Senator International Limited's U.S. based customers to infringe the '638 Patent in the U.S. Senator International Limited takes such active steps with the specific intent for its customers and potential customers to acquire the Array table and use the Array table in the U.S. in infringement of the '638 Patent.

**ANSWER:    Denied.**

28

93. Defendant Senator International Limited also provides technical assistance and other sale related assistance that is directed to the U.S. market to facilitate sales activity in the U.S. and further support customers who acquire the Array table in the U.S. This support includes, for example, providing technical and other post-sale support that customers who buy the Array table in accordance with Senator International Limited's 4-step aftersales program. Senator International Limited takes such active steps with the specific intent for its customers and potential customers to acquire the Array table and use the Array table in the U.S. in infringement of the '638 Patent.

**ANSWER: Defendants admit that Senator International Limited provides technical assistance and other sale related assistance that is directed to the U.S. market to facilitate sales activity in the U.S. and further support customers, which includes, for example, providing technical and other post-sale support to customers in accordance with Senator International Limited's 4-step aftersales program. Defendants deny all other allegations set forth in this paragraph.**

94. Senator International Limited's U.S. subsidiary, Senator International, Inc. imports the array table into the U.S. as components of the table and subsequently assembles the Array tables in the U.S. using the Array table components and instructions it receives from Senator International Limited.

**ANSWER: Admitted.**

95. Senator International Inc. also stores some shipped Array table components and subsequently delivers them to other U.S. customers. After and/or during delivery, Senator International, Inc. provides assembly and installation assistance to ensure the components sold and shipped by Senator International, Inc. are properly assembled into the Array table at their

29

customers' location for use by their customers. This assistance includes helping to ensure that sufficiently trained personnel can perform the assembly and installation of the Array table products.

**ANSWER:    Denied.**

96.    Defendants have willfully, deliberately, and intentionally continued to infringe the claim of the '638 Patent and induce others to infringe the claim of the '638 Patent at least by using, offering to sell, selling, distributing, offering to distribute, supporting sales of the Array table, providing technical assistance to customers of the Array table, making the Array table, using the Array table and actively facilitating others' use of the Array table in the U.S. in reckless disregard of the claim of the '638 Patent.

**ANSWER:    Denied.**

97.    Defendants' infringement of the '638 Patent has caused irreparable injury to Knoll.

**ANSWER:    Denied.**

## COUNT I: INFRINGEMENT OF THE '638 PATENT
## BY SENATOR INTERNATIONAL LIMITED

98.    Knoll restates and realleges the foregoing allegations as if fully stated herein.

**ANSWER:    Defendants incorporate by reference the above answers as if stated herein.**

99.    In violation of 35 U.S.C. § 271(a), Defendant Senator International Limited has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the claim of the '638 Patent by making, using, offering for sale, selling, distributing and/or importing the tables that practice and therefore infringe the subject matter in the claim of the '638 Patent throughout the United States and within this judicial district without authority of Knoll.

11973790.1

**ANSWER:** **Denied.**

100.    In violation of 35 U.S.C. § 271(b) and (c) Defendant Senator International Limited has indirectly infringed and continues to indirectly infringe the claim of the '638 Patent, within this judicial district and throughout the United States without authority of Knoll by actively inducing its customers' infringement of the '638 Patent with knowledge of the '638 Patent and by contributing to the infringement of that patent by selling at least the Array table to customers for their possession and use in the U.S. Defendant Senator International Limited takes active steps to instruct others in the U.S. how to fabricate, install, use, arrange, and maintain the Array table in infringement of the '638 Patent.

**ANSWER:** **Denied.**

101.    The Array table infringes the claim of the '638 Patent. This table is made, marketed, distributed, sold and/or offered for sale by Defendant Senator International Limited throughout the United States and in this judicial district. The Array table includes each and every feature of the claim of the '638 Patent.

**ANSWER:** **Denied.**

102.    For example, the below table provides a non-limiting comparison of the Array table and the ornamental appearance of the Knoll design protected by the '638 Patent:

31



**ANSWER:    Denied.**

103.    The Array table has an ornamental appearance that is almost identical to the ornamental appearance of the table design shown, described and claimed in the '638 Patent.

**ANSWER:    Denied.**

104.    Consumers of tables are likely to be confused into thinking that the Array table is the table shown, described, and claimed in the '638 Patent.

**ANSWER:    Denied.**

105    An ordinary observer, familiar with prior art to the '638 Patent, would be deceived into thinking that the Array table was the same as the patented design claimed in the '638 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

**ANSWER:    Denied.**

106.    Defendant Senator International Limited also actively works to facilitate importation of the Array table in the U.S. and support the offer of sale and sale of the Array table in the U.S. Defendant Senator International Limited offers to provide and does provide support services including after sales support services and technical support services to customers who purchase the Array table in the U.S. This assistance includes facilitating shipment of components of the Array tables into the U.S. and providing instructions and other technical assistance for assembly and/or installation of the Array tables at customer locations in the U.S. by using the components of the Array table shipped into the U.S. This activity is engaged in knowing the Array table infringes the '638 Patent and induces others (e.g. including without limitation Senator International, Inc.) in the U.S. to infringe the '638 Patent.

**ANSWER:    Defendants admit that Senator International Limited ships components of the Array tables into the U.S.  Defendants deny all other allegations set forth in this paragraph.**

107.    Knoll has been, and continues to be, damaged and irreparably harmed by Defendant Senator International Limited's infringement, which will continue unless the Court enjoins that infringement and for which there is no adequate remedy at law.

**ANSWER:** **Denied.**

108.    Knoll under 35 U.S.C. §§ 284 and/or 289, is entitled to recover damages adequate to compensate for Defendant Senator International Limited's infringement.

**ANSWER:** **Denied.**

109.    The infringement of the '638 Patent by Defendant Senator International Limited has been, and continues to be, deliberate, willful, and knowing.

**ANSWER:** **Denied.**

110.    The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Knoll to recover treble damages and attorneys' fees.

**ANSWER:** **Denied.**

111.    Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant Senator International Limited of its infringement of the '638 Patent.

**ANSWER:** **Defendants admit that the filing of this action provided actual notice to Defendant Senator International Limited of Knoll's infringement allegations. Defendants deny all liability for said alleged patent infringement.**

### COUNT II: INFRINGEMENT OF THE '638 PATENT
### BY SENATOR INTERNATIONAL, INC.

**Defendants incorporate by reference the above answers as if stated herein.**

112.    In violation of 35 U.S.C. § 271(a), Defendant Senator International, Inc. has directly infringed and continues to directly infringe, both literally and under the doctrine of equivalents, the claim of the '638 Patent by making, using, offering for sale, selling, distributing and/or importing the tables that practice and therefore infringe the subject matter in the claim of the '638 Patent throughout the United States and within this judicial district without authority of Knoll.

34

**ANSWER:   Denied.**

113.    In violation of 35 U.S.C. § 271(b) and (c) Defendant Senator International, Inc. has indirectly infringed and continues to indirectly infringe the claim of the '638 Patent, within this judicial district and throughout the United States without authority of Knoll by actively inducing its customers' infringement of the '638 Patent with knowledge of the '638 Patent and by contributing to the infringement of that patent by selling at least the Array table to customers for their possession and use in the U.S.

**ANSWER:   Denied.**

114.    Defendant Senator International, Inc. takes active steps to instruct others in the U.S. how to assemble, install, use, arrange, and maintain the Array table in infringement of the '638 Patent. These active steps include providing components of the Array tables to its customers and helping its customers form the Array table and user the Array table after its customers receive the shipped components.

**ANSWER:   Denied.**

115.    The Array table has an ornamental appearance that is almost identical to the ornamental appearance of the table design shown, described and claimed in the '638 Patent.

**ANSWER:   Denied.**

116.    Consumers of tables are likely to be confused into thinking that the Array table is the table shown, described, and claimed in the '638 Patent.

**ANSWER:   Denied.**

117.    An ordinary observer, familiar with prior art to the '638 Patent, would be deceived into thinking that the Array table was the same as the patented design claimed in the '638 Patent. *Egyptian Goddess, Inc. v. Swisa, Inc.* 543 F.3d 665, 677-78 (Fed. Cir. 2008).

**ANSWER:** **Denied.**

118. Defendant Senator International, Inc. also actively works to facilitate importation of the Array table in the U.S. and support the offer of sale and sale of the Array table in the U.S. Defendant Senator International, Inc. offers to provide and does provide support services including after sales support services and technical support services to customers who purchase the Array table in the U.S.

**ANSWER:** **Admitted.**

119. This assistance includes facilitating shipment of components of the Array tables within the U.S. and providing instructions and other technical assistance for assembly and/or installation of the Array tables at customer locations in the U.S. by using the shipped components of the Array table. This activity is engaged in knowing the Array table infringes the '638 Patent and induces others (e.g. including without limitation Senator International, Inc.'s customers) in the U.S. to infringe the '638 Patent.

**ANSWER:** **Denied.**

120. Knoll has been, and continues to be, damaged and irreparably harmed by Defendant Senator International, Inc.'s infringement, which will continue unless the Court enjoins that infringement and for which there is no adequate remedy at law.

**ANSWER:** **Denied.**

121. Knoll under 35 U.S.C. §§ 284 and/or 289, is entitled to recover damages adequate to compensate for Defendant Senator International, Inc.'s infringement.

**ANSWER:** **Denied.**

122. The infringement of the '638 Patent by Defendant has been, and continues to be, deliberate, willful, and knowing.

36

**ANSWER:** **Denied.**

123. The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Knoll to recover treble damages and attorneys' fees.

**ANSWER:** **Denied.**

124. Pursuant to 35 U.S.C. § 287, the filing of this action constitutes notice to Defendant Senator International, Inc. of its infringement of the '638 Patent.

**ANSWER:** **Defendants admit that the filing of this action provided actual notice to Defendant Senator International Limited of Knoll's infringement allegations. Defendants deny all liability for said alleged patent infringement.**

## DEMAND FOR JURY TRIAL

125. Knoll demands a trial by jury under Rules 38 and 39 of the Federal Rules of Civil Procedure for all issues triable by jury.

**ANSWER:** **Defendants also demand a trial by jury on all issues so triable.**

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendants do not infringe and have not infringed the claim of U.S. Patent No. D839,638.

3. The claim of U.S. Patent No. D839,638 is invalid under one or more of 35 U.S.C. §§ 102, 103 and/or 112.

4. U.S. Patent D839,638 is unenforceable because Plaintiff has misused that patent by attempting to enforce a knowingly invalid and unenforceable patent.

5. Plaintiff is not entitled to injunctive relief against Defendants. Plaintiff has not suffered irreparable harm and money damages are presumed adequate if liability is found.

6.    Defendants reserve the right to plead additional affirmative defenses as discovery progresses.  Defendants have not had the benefit of discovery to know all of the available Affirmative Defenses at this early stage of the litigation.

## COUNTERCLAIM

Counter-Claimants Senator International Limited and Senator International, Inc. d/b/a/ "The Senator Group" for their counterclaim against Counter-Defendant Knoll, Inc. aver as follows:

### COUNT I:
### DECLARATION OF INVALIDITY OF U.S. PATENT D839,638

1.    Defendants bring this counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  A real and live dispute exists between the Plaintiff and the Defendants as to whether U.S. Patent No. D839,638 ("the '638 Patent") is valid.  This counterclaim arises under the patent laws of the United States. 35 U.S.C. § 1, *et seq.*

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

3.    Plaintiff's Second Amended Complaint charges Defendants with infringement, willful infringement, contributory infringement, and inducing infringement of the '638 Patent. Defendants have denied committing any of the alleged acts of infringement, willful infringement, contributory infringement, or inducing infringement, and Defendants further assert that the '638 Patent is invalid.

4.    The application for the '638 Patent was filed on May 27, 2016.

5.    Under 35 U.S.C. §§ 102 and 103, patents, published patent applications, printed publications, and products in public use, on sale, or otherwise available to the public before May 27, 2016 are prior art to the '638 Patent.

6.    By way of example and without limitation, the '638 Patent is invalid under 35 U.S.C. §§ 102 and 103 in view of Exhibit 1 (attached hereto).

7.      Exhibit 1 is a product catalog from Wiesner Hager for one of its office furniture product lines called the "n_table."

8.      Exhibit 1 has a November 2007 publication date.

9.      Exhibit 1 was retrieved from United States Patent and Trademark Office ("USPTO") records for Application Serial No. 29/316,591 ("the '591 Application"), which issued as U.S. Patent No. D623,878.

10.      The product catalog attached as Exhibit 1 was submitted to the USPTO as prior art in an Information Disclosure Statement dated November 4, 2009, attached as Exhibit 2, by Charles T.J. Weigell, Esq., attorney of record for the '591 Application.

11.      Exhibit 1 is prior art to the '638 Patent.

12.      The Wiesner Hager n_table advertised in Exhibit 1, which is pictured below, creates the same visual impression as the design claimed in the '638 Patent.



13.     The n_table shown in Exhibit 1 is still sold by Wiesner Hager today.  For example, Wisner Hager's website, available at: https://www.wiesner-hager.com/en/products/table-systems/n-table-79/, attached as Exhibit 3, includes the following photograph of the n_table.



14.     Exhibit 1 invalidates the '638 Patent either alone, or in combination with any one of several secondary prior art references, including without limitation, product literature from Steelcase from February 2014 for its "Coalesse Runner" table (Exhibit 4), Defendants' own product literature from 2000 for the "Pulse" table (Exhibit 5), and U.S. Pat. No. D644,860 (Exhibit 6), which all pre-date the earliest effective filing date of the '638 Patent and are prior art.

15.     The '638 Patent is also invalid under 35 U.S.C. § 112 because the scope of the claim is indefinite.  By way of example and without limitation, the use of broken lines in the drawings to demarcate certain structures makes the scope of the claimed design unclear.

16.     There is an actual controversy between Plaintiff and Defendants with respect to the validity of the '638 Patent.

17.     The '638 Patent is invalid for failing to comply with the patent laws of the United States, specifically 35 U.S.C. §§ 102, 103, and 112.

11973790.1

## COUNT II:
## DECLARATION OF DEFENDANTS'
## NON-INFRINGEMENT OF U.S. PATENT D839,638

18.     Defendants repeat and reallege the allegations contained in Paragraphs 1-17 above as if fully set forth herein.

19.     Defendants bring this counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A real and live dispute exists between the Plaintiff and the Defendants as to whether Defendants infringe U.S. Patent No. D839,638 ("the '638 Patent"). This counterclaim arises under the patent laws of the United States. 35 U.S.C. § 1, *et seq*.

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

21.     Plaintiff's Second Amended Complaint charges Defendants with infringement, willful infringement, contributory infringement, and inducing infringement of the '638 Patent. Defendants have denied committing any of the alleged acts of infringement, willful infringement, contributory infringement, or inducing infringement.

22.     If the scope of the '638 Patent is so narrow that it does not cover the prior art, including the prior art attached in Exhibits 1-6, then it cannot cover the Defendants' Array table due to the numerous differences that exist between the design illustrated in the drawings of the '638 Patent and the Defendants' Array table.

23.     There is an actual controversy between Plaintiff and Defendants with respect to the infringement of the '638 Patent.

## COUNT III:
## DECLARATION THAT U.S. PATENT D839,638 IS UNENFORCEABLE

24.     Defendants repeat and reallege the allegations contained in Paragraphs 1-23 above as if fully set forth herein.

25.     Defendants bring this counterclaim pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. A real and live dispute exists between the Plaintiff and the Defendants as to whether U.S. Patent No. D839,638 ("the '638 Patent") is enforceable.  This counterclaim arises under the patent laws of the United States. 35 U.S.C. § 1, *et seq*.

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

27.     Plaintiff's Second Amended Complaint charges Defendants with infringement, willful infringement, contributory infringement, and inducing infringement of the '638 Patent. Defendants have denied committing any of the alleged acts of infringement, willful infringement, contributory infringement, or inducing infringement, and Defendants further assert that the '638 Patent is invalid.

28.     There is an actual controversy between Plaintiff and Defendants with respect to the enforceability of the '638 Patent.

29.     The '638 Patent is unenforceable because of Plaintiff's misuse of that patent by knowingly attempting to enforce an invalid and unenforceable patent.

30.     Counsel for the Defendants put Plaintiff on notice of the invalidating prior art attached as Exhibit 1 by way of letter to Plaintiff's counsel dated March 19, 2020.  A copy of this letter is attached as Exhibit 7.

31.     Plaintiff continues to pursue this action despite its knowledge that the '638 Patent is invalid under 35 U.S.C. §§ 102 and 103 in view of Exhibit 1.

32.     In addition, Plaintiff has and continues to assert the '638 Patent in a manner that attempts to substantially enlarge the scope of Plaintiff's patent rights far beyond that recognized by law, including through Plaintiff's repeated demands for unrealistic and disruptive design

changes to the Defendants' Array table that are not proportionate to any patent rights Plaintiff may have in the '638 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that this Court enter judgment:

A.        In favor of Defendants, and against Plaintiff, thereby dismissing Plaintiff's Second Amended Complaint in its entirety, with prejudice, with Plaintiff taking nothing by way of its claims;

B.        That Defendants have not infringed, and are not now infringing, the claim of U.S. Patent No. D839,638, literally or under the doctrine of equivalents, under any subsection of 35 U.S.C. § 271;

C.        That the claim of U.S. Patent No. D839,638 is invalid;

D.        That Plaintiff pay all costs and attorneys' fees incurred by Defendants in this action; and

E. Awarding Defendants all other relief the Court deems just and proper.

Dated: July 27, 2020

By: */s/ J. Bradley Luchsinger*
HARNESS, DICKEY & PIERCE, P.L.C.
Glenn Forbis (*pro hac vice pending*)
J. Bradley Luchsinger (*pro hac vice pending*)
5445 Corporate Drive, Suite 200
Troy, MI 48098
(248) 641-1600
gforbis@hdp.com
bluchsinger@hdp.com

*Lead Counsel for Defendants*

*/s/ Ian H. Fisher*
Ian H. Fisher
Hahn Loeser & Parks LLP
200 West Madison St., Suite 2700
Chicago, Illinois 60606
Direct Phone: 312.637.3060
Direct Fax: 312.637.3061
Email: ifisher@hahnlaw.com

*Local Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 27, 2020, I electronically filed **Defendants'**

**Answer to Plaintiff's Second Amended Complaint, Affirmative Defenses, and Counterclaim**

with the Clerk of the Court using the Court's CM/ECF system, which will send notice of such

filing to all counsel of record.

*/s/ Ian H. Fisher*
Ian H. Fisher
Hahn Loeser & Parks LLP
200 West Madison Street, Suite 2700
Chicago, Illinois 60606
Direct Phone: 312.637.3060
Direct Fax: 312.637.3061
Email: ifisher@hahnlaw.com

11973790.1